UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
UNITED STATES OF AMERICA et al.,)
ex rel. JOHN R. BORZILLERI, M.D.,)
                               )
        Plaintiffs,            )
                               )
     v.                        )    C.A. No. 14-031 WES
                               )
BAYER HEALTHCARE               )
PHARMACEUTICALS, INC., et al.  )
                               )
        Defendants.            )
_____)
```

## **MEMORANDUM OF DECISION**

WILLIAM E. SMITH, Chief Judge.

This case is before the Court on three motions: the United States' Motion to Dismiss the Complaint Pursuant to § 3730(c)(2)(A) of the False Claims Act, ECF No. 166; Manufacturer Defendants' Joint Motion to Dismiss the Second Amended Complaint, ECF No. 157; and the Pharmacy Benefit Manager Defendants' Joint Motion To Dismiss Relator's Second Amended Complaint, ECF No. 163. After careful consideration, the Court issued a text order on September 27, 2019[1], GRANTING the United States' Motion to Dismiss and DENYING both of Defendants' Motions to Dismiss as moot. This memo explains the reasoning behind that order.

---

[1] The Court subsequently issued an amended text order on October 1, 2019.

In this qui tam action, relator John R. Borzilleri alleges that pharmaceutical manufacturers and "Pharmacy Benefit Managers" schemed to defraud Medicare Part D, a federal prescription-drug program, in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., and various state laws.[2] Relator's Second Amended Compl. ("SAC"), ECF No. 95. The United States ("the Government") declined to intervene in this action and now moves for its dismissal. United States' Mot. to Dismiss the Complaint ("Gov't Mot. To Dismiss"), ECF No. 166. Borzilleri also filed an almost identical action in the United States District Court for the Southern District of New York. United States ex rel Borzilleri v. AbbVie, Inc., No. 15-CV-7881 (JMF), 2019 WL 3203000 (S.D.N.Y. July 16, 2019). In that action, Judge Furman granted the Government's motion and dismissed all of Borzilleri's FCA claims. Id. at *3. This Court agrees with Judge Furman's well-reasoned opinion.

The FCA is structured to allow private plaintiffs to bring a civil action on behalf of the United States, but also to allow the Government substantial control over these actions. See 31 U.S.C. § 3730(b). Specifically, the Government has the right to "dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of

---

[2] For a more detailed recitation of the facts and procedural history, see the Manufacturer Defendants' Joint Motion to Dismiss. ECF No. 157, p.3-10.

2

the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). However, the statute does not explicitly state what standard courts should use to review the Government's motion to dismiss an action under the FCA.

The courts that have addressed this issue are split on whether the Government must demonstrate a "rational relation" between its reasons for dismissal and a legitimate government interest, or whether the Government has essentially "unfettered" discretion to dismiss. See United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139, 1145 (9th Cir. 1998)(holding that the Government must demonstrate a "valid government purpose" for dismissal and "a rational relation between dismissal and accomplishment of [that] purpose")(internal citation omitted); see also Ridenour v. Kaiser-Hill Co., L.L.C., 397 F.3d 925, 936 (10th Cir. 2005) (adopting the "valid government purpose" standard); but see Swift v. United States, 318 F.3d 250, 252 (D.C. Cir. 2003) (reading the statute to give the Government an "unfettered right" to dismiss a qui tam action); Riley v. St. Luke's Episcopal Hosp., 252 F.3d 749, 753 (5th Cir. 2001) (explaining in dicta that "the government retains the unilateral power to dismiss an action" under section 3730(c)(2)(A)). The First Circuit has not yet formally adopted a standard, although the District of Massachusetts expressed support for the more discretionary standard espoused in

Swift. Nasuti ex rel. United States v. Savage Farms, Inc., No. 12-30121-GAO, 2014 WL 1327015 at *1 (D. Mass. Mar. 27, 2014)(adopting the Magistrate Judge's recommendation and noting that the court finds the "Swift rationale more persuasive" but declines to formally resolve which standard applies).

The Court does not need to decide which standard to adopt today since the Government's motion would be granted under either standard. See, e.g. Nasuti, 2014 WL 1327015 at *1 (holding that the government's motion to dismiss should be granted under either standard of review); Chang v. Children's Advocacy Ctr. of Del., No. 18-2311, 2019 WL 4309516, *2 (3rd Cir. Sept. 12, 2019)(declining to take a side in this circuit split because relator failed "even the more restrictive standard"); AbbVie, 2019 WL 3203000, at *2. Under the stricter standard, the Government has shown at least one "valid government purpose" for dismissing this action -- the burden this continuing litigation would place on the Government's resources. See Gov't Mot. to Dismiss 13-16. For example, Bozilleri's Complaint alleges, among many other things, "widespread" fraud among all the parties involved in Medicare Part D drug coverage. SAC at ¶33. The Government explained that litigating that allegation alone would necessitate an "inquiry into a wide array of contractual, billing, reporting, and analytical material by means of potentially vast and intrusive discovery that will impact both the United States and third

4

parties." Gov't Mot. to Dismiss 14. The Court has no reason to doubt the Government's contention that further litigation in this action will impose a significant burden on several federal agencies and take resources away from the administration of parts of the Medicare program. Id. at 15.

The Government's desire not to expend more resources on this lawsuit, especially where it has declined to intervene because it "does not believe that it is in the public interest to pursue this lawsuit," is a valid and sufficient justification for the Government's dismissal. Id. at 15; See e.g. Sequoia Orange, 151 F.3d at 1146 ("The district court . . . properly noted that the government can legitimately consider the burden imposed on the taxpayers by its litigation, and that, even if the relators were to litigate the FCA claims, the government would continue to incur enormous internal staff costs."); Swift, 318 F.3d at 254 (noting that dismissal would also be proper under Sequoia Orange because the Government's interest in not "expending resources monitoring the case, complying with discovery requests, and so forth" was "a legitimate objective, and dismissal of the suit furthered that objective."). Similarly, the Nasuti Court concluded that dismissal was appropriate because of the Government's concern over incurring "substantial costs in monitoring the litigation, . . . responding to discovery requests, and clarifying Relator's misstatements of the law." 2014 WL 1327015, at *11.

Despite Borzilleri's contention to the contrary, the potential merit of his claims does not overcome the Government's arguments for dismissal. Relator's Opp'n to United States' Mot. to Dismiss ("Rel. Opp'n"), ECF No. 170; see Sequoia Orange, 151 F.3d at 1144 (rejecting the contention that lack of merit is the exclusive ground on which the government can seek dismissal); United States ex rel. Wickliffe v. EMC Corp., 473 F. App'x 849, 854 (10th Cir. 2012) ("[T]he potential merit of a qui tam action is insufficient to overcome the government's rational reasons for dismissing the suit."); Ridenour, 397 F.3d at 936, 940 (affirming grant of Government's motion to dismiss despite the Government's concession that the relator's claims have merit). Moreover, the Government's position is strengthened by its steadfast refusal to concede the merits of Borzilleri's claims. See Gov't Mot. to Dismiss 15-16; Nasuti, 2014 WL 1327015, at *11 (finding that litigation costs represent a valid governmental interest especially "in a case like this . . . where the Government contends that Relator's claims lack merit.").

Under the "valid government purpose" standard, once the Government has articulated that purpose, and a rational relation between dismissal and accomplishment of that purpose, the burden shifts to the relator to show that, nonetheless, the dismissal is "fraudulent, arbitrary and capricious, or illegal." Sequoia Orange, 151 F.3d at 1145 (internal citation omitted). To meet

that burden, the relator must offer actual evidence of impropriety or fraud, not mere speculation. Nasuti, 2014 Wl 1327015, at *12; United States ex rel. Toomer v. TerraPower, LLC, No. 4:16-cv-00226-DCN, 2018 WL 4934070, at *6 (D. Idaho Oct. 10, 2018). Borzilleri fails to meet this burden.

Borzilleri's argument that the Government failed to adequately investigate his claims is roundly rebutted by the Government's detailed description of the lengthy, costly, and substantial investigation it undertook over the course of several years using multiple offices and agencies. Rel. Opp'n. 22-26; Gov't Mot. to Dismiss 15-16; United States' Reply Memorandum of Law in Further Support of its Motion to Dismiss ("Gov't Reply"), ECF No. 177, 9-11; see United States v. EMD Serono, Inc., 370 F. Supp.3d 483, 489 n.15 (E.D. Pa. Apr. 3, 2019) (concluding, based on the Government's briefing, that the Government expended "substantial time and resources" on its investigation). The Relator has pointed the Court to United States ex rel. Cimznhca, LLC v. UCB Inc., 17-CV-765-SMY-MAB, 2019 WL 1598109 (S.D. Ill. Apr. 15, 2019), in support of his arguments, but that case is distinguishable. There, the Court found that the Government had not conducted an investigation of the relator's specific claims, instead pursuing only a collective investigation of eleven cases filed by the relator against various defendants. Id. at *3. Moreover, even a failure to adequately investigate would prove, at the most, mere

7

negligence on the part of the Government. As Judge Furman concluded, "nothing put forward by Borzilleri suggests, let alone shows, that the Government's stated reason for dismissing this action is fraudulent, arbitrary and capricious, or illegal." AbbVie, 2019 WL 3203000, at *3.

Many of Borzilleri's remaining arguments can be boiled down to his subjective disagreement with the underlying conclusions of the Government's investigation. Rel. Opp'n 18-22. But this Court declines to second-guess the Government's investigation and conclusions when that is clearly not the Court's role under § 3730(c)(2)(A). See Gov't Reply 4.

Borzilleri is also not entitled to the discovery or evidentiary hearing that he seeks. See Rel. Opp'n 2. To allow such a costly process based merely on the relator's speculation would defeat the very reason that the Government seeks dismissal – to preserve its limited resources. United States ex rel. Nicholson v. Spigelman, No. 10 C 3361, 2011 WL 2683161, at *3 (N.D. Ill. July 8, 2011) (explaining that permitting the relator to conduct discovery would "allow[] what the Government was trying to avoid in moving to dismiss the action—costly and time consuming . . . discovery with little prospect of significant recovery" (quoting Ridenour, 397 F.3d at 938)); accord Toomer, 2018 WL 4934070, at *6.

In sum, the Government has met its burden for dismissal under either standard, and, as required by the statute, Borzilleri was afforded the opportunity for a hearing. See Min. Entry for Sept. 26, 2019; 31 U.S.C. § 3730(c)(2)(A). Accordingly, Borzilleri's FCA claims are dismissed. His common law claims for unjust enrichment and common-law fraud, SAC ¶¶ 800-06, are dismissed because Borzilleri does not have standing under the FCA to bring these claims on behalf of the United States. See United States ex rel. Walsh v. Eastman Kodak Co., 98 F. Supp. 2d 141, 149 (D. Mass. 2000); In re Pharm. Indus. Average Wholesale Price Litig, No.01-12257-PBS, 2007 WL 4287572 at *5 (D. Mass. Dec. 6, 2007). This Court declines to exercise supplemental jurisdiction over Borzilleri's remaining state law claims, SAC ¶¶717-803. Rodriguez v. Dual Mort. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims.").

For the foregoing reasons, the Government's Motion to Dismiss is GRANTED. Borzilleri's FCA claims are thereby dismissed with prejudice as related to Borzilleri, but without prejudice as related to the United States. Additionally, Borzilleri's state law claims are dismissed without prejudice. Pursuant to this ruling, Defendants' Motions to Dismiss, ECF Nos. 157 and 163 are

DENIED as moot. The Clerk of Court is directed to terminate all motions and close the case.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: October 21, 2019